BLD093                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1123
_____

IN RE: KESTER SANDY,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 20-cv-03290)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 3, 2022
Before:  MCKEE, GREENAWAY, JR. AND PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 23, 2022)
_____

OPINION[*]
_____

PER CURIAM

 Kester Sandy has filed a petition for a writ of mandamus.  For the reasons that

follow, we will deny the petition without prejudice.

 In May 2020, Sandy filed a petition pursuant to 28 U.S.C. § 2241 in the District

Court.  After the District Court dismissed the petition, Sandy filed a motion pursuant to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Fed. R. Civ. P. 60(b) in April 2021, requesting that the District Court vacate its order. A week later, Sandy filed a notice of appeal which was docketed at C.A. No. 21-1701. That appeal was stayed pending the disposition of the Rule 60(b) motion by the District Court. The Government responded to the motion in June 2021,[1] and the motion remains pending in the District Court.

In his mandamus petition, Sandy seeks an order directing the District Court to decide his Rule 60(b) motion. In the alternative, he requests that we address his appeal of the dismissal of his § 2241 petition before the Rule 60(b) motion is decided.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Here, the Government's response was filed in June 2021, and the District Court

---

[1] The Government's response was docketed in Sandy's criminal case but not in the separate civil case for his § 2241 petition. See Gov't's Mot. in Opp'n, United States v. Sandy, Crim. No. 04-cr-00324, (E.D. Pa. June 8, 2021) ECF #59.

has not yet acted on the Rule 60(b) motion.  While concerning, the time that has passed since then does not rise to the level of a failure to exercise jurisdiction or an extraordinary circumstance.  See id. (concluding that mandamus relief was not warranted in habeas case where petitioner's most recent filing had been pending before the district court for about eight months).

We are confident that the District Court will act on Sandy's Rule 60(b) motion within a reasonable time.  Accordingly, we will deny the mandamus petition without prejudice to refiling if the District Court does not act expeditiously.  We will also deny Sandy's alternative request that we act on his appeal at No. 21-1701 before the Rule 60(b) motion is decided.  See Fed. R. App. P. 4(a)(4)(B)(i) (providing that a notice of appeal filed before disposition of a pending motion under Rule 4(a)(4)(A) becomes effective when the order disposing of the motion is entered).